McWOOD CORP., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 41241—Decided March 20, 1968.)

144

Messrs. *Laylin & Shawan* and *Mr. Edward H. Laylin,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Edgar L. Lindley,* for appellee.

*Per Curiam.* The only question before this court is whether the Board of Tax Appeals acted unreasonably and unlawfully in refusing to find the purchases at issue ex-

cepted under the provisions of Section 5739.01 (E) (2), Revised Code.

Section 5739.01 (E) (2), Revised Code, provides, among others, the following exception:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"(* * * *

"(2) * * * to use or consume the thing transferred directly in the production of tangible personal property for sale by manufacturing, processing * * * including without limitation * * * production of crude oil and natural gas * * * and persons engaged in rendering * * * services in the * * * production of, crude oil and natural gas, for others are deemed engaged directly in * * * production of, crude oil and natural gas * * *."

The Board of Tax Appeals specifically found that appellant's purpose in constructing its facility was to "produce natural gas for others" within the meaning of Section 5739.01 (E) (2), Revised Code, but nevertheless found the purchases at issue to be taxable, because the things transferred were not used directly in the processing phase of appellant's operation, but only indirectly in that they formed a *system to transport* the natural gas from the various oil wells *to the processing plant*.

What the board said, in effect, was that the statutory requirements of Section 5739.01 (E) (2), Revised Code, for excepting the property transferred are not met merely by virtue of the fact that the consumer is a person "engaged directly in * * * production of * * * natural gas," but that there is a further requirement that the things transferred be used directly in the "production of * * * natural gas" and that such further requirement is lacking on the basis of the evidence in this cause. The board based its determination upon this court's decision in the case of *Powhatan Mining Co.* v. *Peck*, 160 Ohio St. 389. We think that the board correctly applied the principle of that case, as stated in the first paragraph of the syllabus which reads:

"Where the principal use of property claimed to be used 'directly in' a particular activity is in *transportation to or from that activity,* as distinguished from transportation which is a part of that activity or between essential steps of that activity, such use is not 'directly in' such activity within the meaning of Sections 5546-1 and 5546-25, General Code [Sections 5739.01 and 5741.01, Revised Code]." (Emphasis added.)

The board, relying further upon the case of *Youngstown Building Material & Fuel Co. v. Bowers,* 167 Ohio St. 363, also rejected a Section 5739.01 (E) (2), Revised Code, exception predicated upon the appellant's claim that its natural gas processing facility was a "unitary" or "integrated" facility. In this determination, also, the board acted properly.

The only other contention of appellant before this court is that the board acted arbitrarily, unreasonably and unlawfully in determining that a 10' x 40' tank, costing $2,-262.50, was not a part of the processing facility when in fact it was, and that the board erred in refusing to modify the assessment accordingly. On the basis of the record we do not find this contention of appellant to be well founded.

The decision of the Board of Tax Appeals is, therefore, affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, DUFFY, HERBERT, SCHNEIDER and BROWN, JJ., concur.

DUFFY, J., of the Tenth Appellate District, sitting for O'NEILL, J.